DECISION
Before the Court are plaintiff's complaint for cy pres, pursuant to Section 18-4-1 of the Rhode Island General Laws, and Meeting Street Center's Motion to Intervene and Opposition to relief requested in the complaint. For the reasons set forth below, the doctrine of cy pres is applicable and the Motion to Intervene is denied.
 FACTS/TRAVEL
William P. Lewis (testator) died on February 26, 1995. At the time of his death, testator owned and resided on real property situated on Block Island, Town of New Shoreham, Rhode Island. The Probate Court for the Town of New Shoreham admitted the testator's will to probate on March 8, 1995. Under the will Victor J. Orsinger and Norman Specht were appointed executors.
In his will, testator devised a life estate in two plots of land located on Block Island (property) to his friend Norman Specht. Norman Specht died in May 2001. Testator provided instructions for the disposition of the property upon the expiration of Specht's life estate. The relevant portion of the will, Clause THIRD, directs as follows:
 "Upon the death of NORMAN E. SPECHT (or, if NORMAN E. SPECHT has predeceased me, upon my death), I give, devise and bequeath the foregoing property to the Joslin Diabetes Center, Inc. of Boston, Massachusetts, as Trustee, in trust, to hold and use said property as and for a youth camp for children and young adults. Said property, together with the buildings and improvements now located, or hereinafter constructed thereon, shall be used for the enjoyment, treatment, education, comfort and pleasure of children and not as a site for vacations or retreats of staff members, officers or employees of the Trustee or of the organization operating a youth camp on said property except as may be incidental to the operation of said youth camp."
 * * * * *
 "If, within a reasonable period of time after the Trustee has received said property, said property is not being used for the above purposes or for substantially similar purposes or if, after commencement of such use, such use is discontinued or abandoned for more than two (2) years, then the Trustee shall transfer and distribute said property, without consideration, to another qualified charitable organization which is willing and able to operate a youth camp on said property.
 It is my intent that the Joslin Diabetes Center make the youth camp available to children and young adults suffering from diabetes mellitus and related conditions, but if the Joslin Diabetes Center is unable or unwilling to operate a youth camp on the property, then my first preference for transferee and successor trustee is the Easter Seal Society of Rhode Island, Inc. (Meeting Street School) of Providence, Rhode Island provided it is willing and able to accept the terms of this trust and to operate a youth camp on the property for handicapped or disabled children.
 If no charitable organization is willing to accept the terms of this trust and to operate a youth camp on the property, then the property shall be transferred and distributed, outright and free of trust, to a non-profit organization such as The Nature Conservancy or to The Audubon Society of Rhode Island.
 The determination as to (a) whether the property is being timely and properly utilized or (b) whether and when the use of the property as a youth camp has been discontinued or abandoned or (c) which non-profit organization shall be a transferee and successor trustee or (d) whether no charitable organization is willing to operate a youth camp on the property or (e) which conservancy organization shall thereafter receive the property, shall be made by an Oversight Board which shall be composed of five (5) individuals and which shall act by the majority vote of its members."
 * * * * *
 "Any and all questions as to the interpretation of this Clause THIRD of my will and as to my intent and desires regarding the use of the property devised by this Clause THIRD shall be determined solely and exclusively by the Oversight Board."
The Joslin Diabetes Center (Joslin) is willing to operate a youth camp on the property according to the wishes of the testator. However, no organization, however willing and able, would be able to operate a youth camp on the property due to zoning regulations, conservation restrictions, and access barriers.
The property is located in Residential A district, where use is limited to single-family dwelling units. In addition, special use permits are not issued for youth camp developments within this Residential A district. Given the importance of the Residential A district as an area of preserved open space, and the opposition of abutting landowners to further Block Island development, an amendment to the Zoning Ordinance to allow a youth camp is highly unlikely.
A conservation restriction contained in an Option Agreement between testator and The Nature Conservancy (Conservancy), executed prior to the will, limits construction on one plot of the property to two single-family dwellings and limits use of the other plot to a defined set of functions, none of which include operating a camp. These restrictions benefit the American Burying Beetle, a federally endangered species, the most viable population of which east of the Mississippi River is found on Block Island. The species requires large contiguous expanses of grassland found on the property for its survival.
Further, expanding the access right beyond the existing use to allow the operation of a youth camp would result in overburdening existing prescriptions and constitute a trespass on a right-of-way. Given the impossibility of the operation of a youth camp on the property, the Oversight Board filed a complaint seeking application of the doctrine of cy pres to authorize the sale of the property and the distribution of the proceeds to support Joslin's youth programs and the conservation goals of the Conservancy. Defendant Sheldon Whitehouse (defendant), as the Attorney General for the State of Rhode Island, was made a party to the action pursuant to R.I.G.L. 1956 § 18-9-5.
The Meeting Street Center (Meeting Street) moved to intervene in the action and filed a partial objection to the complaint for cy pres. Meeting Street agrees that the Court should authorize the sale of the property, but argues that proposed division of the sale proceeds ignores the testator's request for the establishment of a youth camp.
 THE CY PRES DOCTRINE
When it becomes impossible or highly impractical to administer a trust in accordance with the will provisions, the doctrine of cy pres may be applicable. Cy pres is invoked if it appears that the donor intended that his gift be applied to a charitable purpose, the general nature of which is so described that it can be inferred that the donor had a general charitable intent. Industrial National Bank of Rhode Island v.Glocester, 265 A.2d 724 (R.I. 1970). If the testator had a specific intent to benefit one particular object, then the doctrine is inapplicable. Id. A will must be examined and, if not clear, extrinsic evidence is admissible to ascertain whether testator's intentions are of a general charitable nature within the cy pres doctrine. Rhode IslandHospital Trust Co. v. Williams, 148 A. 189 (R.I. 1929). If so, cy pres, or "as near as," operates to fulfill the underlying charitable intent of a testator so that the gift does not fail. Black's Law Dictionary, 392 (7th ed. 1999).
Extrinsic evidence is unnecessary in the case at bar to determine testator's charitable intent. It is clear that testator, with the creation of this Trust, had a general charitable intent to benefit youths with diabetes and a nature conservancy. Given the impossibility of creating a youth camp on the property, cy pres is an appropriate remedy to effectuate this general charitable intent.
The testator gave the Oversight Board the exclusive authority to determine, among other things, his intent and desire regarding the use of the property and whether and when the use as a youth camp has been discontinued or abandoned. The Oversight Board, acting pursuant to that authority, determined that a youth camp was not feasible and requests that the Court apply the cy pres doctrine in order to effectuate testator's general charitable intentions. The Oversight Board determined that the property should be sold and the proceeds of the sale be used to support Joslin's youth programs and the conservation goals of the Conservancy. The Court is satisfied with the determination of the Oversight Board. There is no reason to disturb this determination which comports with the express language of the will.
 MOTION TO INTERVENE
This Court's finding that cy pres is applicable and that the property shall be sold and the proceeds distributed between The Joslin Diabetes Center, Inc. for youth services and the Nature Conservancy, precludes granting Meeting Street's motion. Meeting Street does not have standing to intervene or object to the complaint. Its interest in the trust is, at best, speculative and conjectural. The only situation in which Meeting Street would have an interest in the property is if Joslin was unwilling or unable to operate a youth camp. While that may be true, a more correct statement is that no organization would be able to operate such a camp on the property. Given this fact, and pursuant to the express language of the testator, the Oversight Board determined the intent of the testator was to benefit youth with diabetes and a nature conservancy. This Court is satisfied with that determination and will not address Meeting Street's objections to this complaint.
 CONCLUSION
The doctrine of cy pres is applicable to this charitable trust. The proceeds from the sale of the property are to be distributed between Joslin's youth services and the conservation goals of the Nature Conservancy. In accordance with the provisions of testator's will, the Oversight Board shall oversee the distribution of said proceeds. Meeting Street's Motion to Intervene is denied.
Counsel shall submit the appropriate order for entry.